UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-382-SDJ |
| | § | |
| JUNIOR PORFIRIO NEPOMUCENO-HIERRO (63) | § | |
| | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Junior Porfirio Nepomuceno-Hierro's Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). (Dkt. #4692). Within the motion, the Defendant requested appointment of counsel. (Dkt. #4692 at 2). Having considered the motion, the record, and the applicable law, Nepomuceno-Hierro's motion is **DENIED** as to both his request for appointment of counsel and his request for compassionate release.

## I. Background

After pleading guilty to a charge of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, Nepomuceno-Hierro was convicted and sentenced to a 97-month term of imprisonment. (Dkt. #3613, #4191). Nepomuceno-Hierro was an organizer and leader in a scheme involving "the export of over $200 million worth of stolen Apple and Samsung electronic products into so-called gray markets in Hong Kong and the United Arab Emirates." (Dkt. #4280 at 21). Nepomuceno-Hierro operated a group of "runners" who "utilized mass-produced false identifications of existing Verizon customers, but with the runner's photographs." (Dkt. #4280 at 21). "Once the runners obtained the devices

through fraud in an unknowing victim's name, the devices were then sold to other members of the offense scheme for further distribution outside the United States." (Dkt. #4280 at 22). When agents executed the search warrant on Nepomuceno-Hierro's home in February of 2021, they found equipment used to create fraudulent credit cards and identification cards such as passports, fraudulent passports and credit cards, and "a ledger containing the names and personal identification information of 154 individuals." (Dkt. #4280 at 22–23).

Exactly one year after sentencing, Nepomuceno-Hierro filed this motion for compassionate release, explaining he was the sole provider for his children and his need to care for his aging mother. (Dkt. #4692 at 6, 14). Nepomuceno-Hierro requests that the Court reduce his sentence, presumably to time served, and order him released from prison. He also checked the box requesting the appointment of counsel to assist in the motion. (Dkt. #4692 at 2).

## II. Appointment of Counsel

Nepomuceno-Hierro is not entitled to appointment of counsel to assist with his motion for compassionate release. Defendants do not have a constitutional or statutory right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("The right to appointed counsel extends to the first appeal or right, and no further."); *United States v. Johnson*, No. 9:10-CR-26, 2023 WL 2479595, at *1 (E.D. Tex. Mar. 10, 2023) (collecting cases).

However, in the interest of justice, the court may appoint counsel to "assist a defendant in the pursuit of post-conviction relief where a defendant has raised nonfrivolous claims with factually and/or legally complex issues." *Johnson*, 2023 WL 2479595, at *2 (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("After [a defendant's first appeal], the decision whether to appoint counsel rests in the discretion of the district court.")). Such is not the case here. Nepomuceno-Hierro "provides no basis for the court to conclude that the appointment of counsel would benefit him or the court in addressing his motion." *Id.*; *see United States v. Drayton*, No. 10-200018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) (noting motions "for compassionate release [are] not particularly complex factually or legally"). The Court therefore concludes appointment of counsel is not warranted and to the extent his motion seeks such relief, it is denied.

## III. Compassionate-Release

Compassionate-release motions are governed by 18 U.S.C. § 3582(c)(1)(A)(i). They can be filed by either the Director of the Bureau of Prisons ("BOP") or the defendant. Under this section, the Court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.* The standard for granting relief is exacting. The court must find that (1) "'extraordinary and compelling reasons' justify a sentence reduction"; (2) such a reduction "must be consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in § 3553(a)."

*United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024) (quotation omitted).

Because all three requirements must be met, the Fifth Circuit has "regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the [§] 3353(a) factors can independently support its judgment." *Id.* at *2 (quotation omitted). The sentencing factors under 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). District courts have broad discretion in considering these factors. As the Supreme Court has observed, "the 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case[.]'" *United States v. Rollins*, 53 F.4th 353, 359 (5th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)).

In short, "compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

## IV. DISCUSSION

### A. Nepomuceno-Hierro's Failure to Meet the Exhaustion Requirement Dooms His Motion.

Section 3582(c)(1)(A) imposes an exhaustion requirement for compassionate-release requests from a defendant: they must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The motion states that Nepomuceno-Hierro "submitted a request for compassionate release to the warden on . . . May 12, 2025." (Dkt. #4692 at 3). However, the Government asserts "[p]ursuant to communication with Elkton FCI, the Defendant has failed to submit a request to the Warden at Elkton FCI for compassionate release." (Dkt. #4728 at 2). In his Reply, Nepomuceno-Hierro attached as Exhibit A what he asserts is proof of his "request to the warden at Elkton F.S.L. for compassionate release." (Dkt. #4820 at 1); (Dkt. #4820-1). He urges the Court to "notice the dates on the request for compassionate release" and alleges "the Dept. of B.O.P is so disorganized." (Dkt. #4820 at 1).

A review of Nepomuceno-Hierro's Exhibit A, however, raises considerable questions as to its authenticity. The letter in Exhibit A, (the "Letter"), purports to be from the U.S. Department of Justice Federal Bureau of Prisons, dated May 26, 2025, denying Nepomuceno-Hierro's request for "consideration of a Compassionate Release/Reduction in Sentence (RIS) due to [Defendant's] mother's continual care and to support [his] wife and children." (Dkt. #4820-1). According to the Letter,

Nepomuceno-Hierro's request was sent to the warden on *July 21, 2023*. (Dkt. #4820-1). Yet, in July 2023, the Defendant had not even pleaded guilty yet, much less been sentenced. And Defendant was not confined in July 2023—he was on pretrial release. Put simply, Nepomuceno-Hierro could not have made a request for compassionate release to the warden of a BOP facility nearly a year before he was sentenced, before he had even pleaded guilty, and while he was on pretrial release. This raises doubt as to the Letter's authenticity.

The Court notes that, in his motion, Nepomuceno-Hierro claims that he made the request to the warden on May 12, 2025, not July 21, 2023, as the Letter suggests. *Compare* (Dkt. #4692 at 3) *and* (Dkt. #4820-1). But even if the Court accepts Nepomuceno-Hierro's timeline, he faces an additional challenge. If indeed he filed the request with the warden on May 12, 2025, and the Letter's July 2023 reference was a clerical error, Nepomuceno-Hierro still failed to fulfill the requirements of Section 3582. The Court received and filed the present motion on May 22, 2025, (Dkt. #4692), just ten days after the request was allegedly sent. (Dkt. #4820). The motion was signed on May 12, 2025. (Dkt. #4692 at 7). Nepomuceno-Hierro, however, did not receive the Letter from the warden denying his request until at least May 26, 2025. (Dkt. #4820-1). Thus, even under his most favorable timeline, Nepomuceno-Hierro failed to "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A).

In sum, Nepomuceno-Hierro failed to exhaust his administrative remedies, and for this reason alone the motion must be denied.

**B. The 3553(a) Factors Also Do Not Favor Compassionate Release**

Although Nepomuceno-Hierro's compassionate-release must be denied due to his failure to exhaust administrative remedies, *see supra* Part III.A., it is also substantively meritless. As described herein, the Defendant provides three purported "extraordinary and compelling" reasons for a reduction in his sentence, presumably to time served. First, Nepomuceno-Hierro believes he "received an unusually long sentence for the crime that [he] committed" given he is "a white collar criminal and should not have received as much time as [he] did for [his] minor involvement in the case." (Dkt. #4692 at 14). Second, Nepomuceno-Hierro claims he is the sole caretaker for his elderly mother who "needs assistance with daily [functioning]." (Dkt. #4692 at 6, 14). Third, he asserts he "is the sole provider for [his] children" and that two of his eight children are "relying on government assistance." (Dkt. #4692 at 6).

The Court need not consider, however, whether the length of Nepomuceno-Hierro's sentence or his need to care for his mother and children provide extraordinary and compelling reasons for compassionate release. That is because the Court has independently reviewed the sentencing factors under 18 U.S.C. § 3553(a), and, as detailed herein, they counsel against Nepomuceno-Hierro's early release. *See United States v. Grams*, No. 24-50686, 2025 WL 1079074, at *1 (5th Cir. Apr. 10, 2025) ("because the district court denied compassionate release based on its consideration of the applicable § 3553(a) factors, it was not required to consider Gram's arguments in support of extraordinary and compelling reasons").

Nepomuceno-Hierro played a leadership role in a massive conspiracy involving the export of $200 million worth of stolen electronics, the manufacture of fraudulent credit cards, and identity theft. (Dkt. #4280 at 21. 23). While Nepomuceno-Hierro stipulated responsibility for $1.5 million in losses from wire fraud, the total loss is unknown. (Dkt. #4280 at 23); (Dkt. #3510 at 2). This was not a victimless crime. Agents recovered a ledger listing the personal identification information of 154 individuals. (Dkt. #4280 at 23). Unfortunately, the total number of victims will likely never be known. (Dkt. #4280 at 24). Many of these nameless victims have undoubtedly spent their own time and money to recover their identities. Worse still, many more victims may not have even realized yet that their identities were stolen. The lasting repercussions of this conspiracy will likely reverberate for years to come.

The Defendant's history of substance abuse and past criminal conduct likewise caution against granting the motion. Nepomuceno-Hierro has a prior state court conviction for "similar misconduct involving receipt of stolen property." (Dkt. #4280 at 24). Further, at the time of sentencing, this Court noted the Defendant's significant substance abuse problems involving alcohol and cocaine, and, at nearly forty years of age, he had essentially no verifiable employment history. (Dkt. #4280 at 24).

Neither does Nepomuceno-Hierro's time in prison seem to have resulted in any sort of remorse or rehabilitation. In his motion, he asserts, "The time that I am here is a drain on the government. I received an unusually long sentence for the crime that I committed. I am a white collar criminal and should not have received as much time as I did for my minor involvement in the case." (Dkt. #4692 at 14). Thus, by his own

words Defendant shows he has no remorse or care for his victims, he merely engages in self-pity and deliberately mischaracterizes his role in the offense. Nepomuceno-Hierro did not have “minor involvement” in the conspiracy crime he committed. He was a leader in that crime, recruiting and supervising other participants in the offense. A defendant who refuses even to recognize the severity of his offense and his role in the crime, and instead lies about his role, is not a good candidate for early release.

Granting Nepomuceno-Hierro’s early release would not reflect the seriousness of his offense, nor would it promote respect for the law or provide just punishment. The Court also concludes that granting early release to Nepomuceno-Hierro would not afford adequate deterrence to criminal conduct or protect the public from further crimes of this Defendant. For these reasons, the Section 3353(a) factors confirm that Nepomuceno-Hierro’s motion should be denied.

## V. Conclusion

Defendant Junior Porfirio Nepomuceno-Hierro has failed to meet his burden for each requirement of 18 U.S.C. § 3553(a), and his Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), (Dkt. #4692), is therefore **DENIED**.

**So ORDERED and SIGNED this 6th day of November, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE